## SMITH v. ROCKEFELLER.

*Will — construction of — when bequest over takes effect — Practice — when action for construction of will not maintainable — Executor — using funds of estate — Interest — when compound allowed — Costs — against executor personally.*

A testator gave P. the interest of $1,000 for five years when, if he reformed, he was to receive the principal; if not, the interest was to be paid to him three years longer and then the principal was to be given to defendants. Within the five years P. died. *Held,* that the bequest over to the defendants took effect at the death of P.

The executor of the will used the $1,000 in his business, and after the defendants had threatened to commence action against him for the same, brought action against the defendants asking for a construction of the will as to whether the bequest had yet taken effect. The personal representatives of P. were not made parties. *Held,* that the case was not one in which plaintiff was entitled to apply to the court for a construction of the will, and an order of the court below charging plaintiff personally with costs, allowing five per cent additional allowance, and charging compound interest on the $1,000 on biennial rests was proper.

APPEAL by the plaintiff from a judgment directed by the court.

The action was brought by Bradley S. Smith, executor of the last will and testament of Granville Rockefeller, against Clara I. Rockefeller, and others, legatees and devisees under said will, to obtain the construction of the same. The portion of the will upon which the court was asked to pass reads as follows :

"To Philip Eugene Rockefeller I give and hereby direct my executor to pay the interest of $1,000 to said Philip Eugene yearly for the term of five years, commencing at my decease, that at the expiration of the said five years if the said Philip Eugene shall have then reformed, become temperate in his habits, honest, industrious and a respectable man, then and in that case I order and direct that my executor pay to him the said $1,000 in three equal annual payments; but, if at that time he be not reformed, and is still intemperate or dishonest, then I direct and it is my will that my executor pay him the interest on the said $1,000 annually for three years thereafter. I further order and duly constitute my executor, the sole and proper judge of the reformation and conduct of the said Philip Eugene, and at the expiration of said five years pay him as above stated the $1,000 in the manner there stated if he be satisfied that the reformation answers the above requirements; but if in his judgment it should fail, in that case pay the three years additional interest as above stated, and divide the said $1,000 equally among my other three children or their heirs."

Philip E. Rockefeller died two years after the death of testator. The residuary legatees demanded of plaintiff the $1,000 in his hands, after which this action was brought.

The complaint asked the court to decide these questions. "1. Did the will create a valid trust in the $1,000 mentioned in the second clause of the will for the benefit of Philip Eugene Rockefeller? 2. If the trust was not valid, did the $1,000 vest in Philip Eugene Rockefeller immediately on the death of the testator? 3. If the trust was not valid, did the title vest in the residuary legatees at the death of the testator? 4. On the death of Philip Eugene Rockefeller does the $1,000 go to the residuary legatees under the will or to the personal representatives of the said Philip Eugene Rockefeller?"

It was claimed on the part of the plaintiff that there were certain debts of said Philip Eugene Rockefeller that had been presented to plaintiff, and he was in doubt whether he could safely pay them out of the $1,000. Defendants claimed that when demanding the payment of the $1,000, they had offered plaintiff a sufficient bond of indemnity against all claims which might be presented; that plaintiff had used the funds in his own business and was unable to pay without borrowing, and that defendants had asked plaintiff to

account before the surrogate, which he refused. Such other facts as are material appear in the opinion.

*Mayham & Krum,* for appellant.

*N. P. Hinman,* for respondents.

LANDON, J. The testator only gave the interest of $1,000 to Philip E. Rockefeller; this was to continue for five years; if Philip should then have reformed, the principal was to be paid him; if he had not reformed, the interest was to be paid him for three years longer, and then the principal was to be given to these defendants. As Philip died within the five years without having reformed, the condition precedent upon which the gift of the principal to Philip depended did not and could not happen and the gift of the principal never vested in Philip. That is to say, no gift of it was made to him. The bequest of the same over to these defendants took effect and they became entitled to the money. *Caw* v. *Robertson,* 5 N. Y. 125. The five years during which the executor was to pay Philip E. the interest was a probationary period given him in which to reform. It is reasonable to suppose that the testator intended this probationary period should end with the life of the party whose reform was desired, and the payment of interest should also end. 2 Williams on Ex'rs (5th ed.), 1132. No testator can, by implication, be held so stupid as to have intended that his executors should hold funds in suspense, contingent upon the reformation of a person after his decease. The court was right in giving judgment in favor of the defendants.

The learned judge, however, refused to find that this was a proper case for the plaintiff to apply to this court for a construction of this will. He found that the plaintiff had used the principal sum in his business. He refused to find that he was entirely responsible and ready and willing to pay the $1,000 over to the persons who might be adjudged entitled to the same, and refused to find that the plaintiff acted in good faith in bringing this action. He charged him personally with the costs, granted five per cent additional allowance of costs, and charged him interest compounded, with biennial rests. We have carefully examined the case and think the learned judge was warranted in the view he took of the plaintiff's conduct and was therefore warranted in the judgment he awarded.

Smith v. Rockefeller.

The effect of the finding is, that the plaintiff did not bring this action for the purpose of ascertaining who were entitled to the fund, but for the purpose of preventing those lawfully entitled to it from promptly obtaining their own; that he might himself continue to use a fund he had no right to use at all; that he preferred to waste the fund in costs rather than pay it to its rightful owner; that any day of payment was inconvenient, and therefore unjustly sought to be postponed.

The judgment should be affirmed, with costs against the plaintiff personally.

COUNTRYMAN, J., dissented.

*Judgment affirmed.*